WALDEN, Judge,
concurring in part and dissenting in part:
I respectfully dissent as to the affirmance of Bready’s conviction for trafficking in cocaine because of what I conceive to be reversible trial court error in refusing to order the State to disclose the name and address of the confidential informant.
The case of Woods v. State, 355 So.2d 437, 438 (Fla.1967) sets forth the criteria to be used in determining whether a confidential informant is to be revealed to a defendant. Here the defense was entrapment with the confidential informant having arranged the cocaine deal and having, according to Bready, pressured Bready into taking part in the transaction. Upon careful review I feel that all of the Woods v. State criteria were met except for the fact that the informant was not physically present when the transaction took place. I feel, under the circumstances of this case, that Bready was seriously and unfairly prejudiced by the nondisclosure. The fact that the informant was not present at the consummation of the sale should not be controlling and approved as a basis for the trial court decision in this instance.
*998 If the conviction is to be affirmed, as it is, I concur completely in the majority decision to vacate Bready’s sentence and the remand with instructions.